## Case No. 4,916.

### FOOTE v. SILSBY et al.

[1 Blatchf. 445; [1] Merw. Pat. Inv. 564; 1 Fish. Pat. Rep. 268.]

Circuit Court, N. D. New York. Oct. Term, 1849. [2]

[3] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 14 How. (55 U. S.) 218.]

Samuel Stevens, for plaintiff.

William H. Seward and Samuel Blatchford, for defendants.

NELSON, Circuit Justice. This is an action for the infringement of a patent for an improvement in regulating the draft of stoves, in which a verdict was rendered for the plaintiff for $1500. A motion is now made by the defendants for a new trial.

I. One of the jurymen empannelled was taken ill, while the counsel for the plaintiff was opening the case, so as to be unable further to serve upon the jury, whereupon the court discharged him, and directed another juryman to be drawn from the panel, in his stead, which was done. This direction of the court was proper and unexceptionable. The propriety of it is too obvious to require remark.

II. The disclaimer endorsed on the back of the patent was properly rejected, when offered in evidence by the defendants, for want of proof that it had been executed by the patentee. And besides, if it had been admitted, the court would have been bound to give to it the full effect of a disclaimer under the seventh section of the act of March 3, 1837 (5 Stat. 193), upon which view of the effect of the instrument the defendants did not propose or desire to give it in evidence. I am also inclined to think the court erred in excluding the disclaimer when it was offered in evidence by the plaintiff, as it fairly enough imported on its face, as it seems to me, that the patentee was the owner of the entire interest in the patent, and, if so, there was a substantial compliance with the statute in this respect. This error, however, being against the plaintiff, is of no importance in the case. The rejection of the paper, when it was offered by the defendants, raises the only material question, and as to that I think the court was correct for the reason stated. The disclaimer should have been properly proved before it could be admitted in evidence either as an original paper or by a certified copy.

III. It is a sufficient answer to the objection that the motion for a nonsuit was erroneously refused, that the court had no power to grant it.[5]

IV. Dr. Ure's Dictionary of Arts, Manufactures. &c., was properly rejected for the reasons given at the trial. The book contains 1334 pages, and treats of a great variety of subjects extending through the alphabet. The reference to the work, as given in the notice, was too general and indefinite, within a reasonable construction of the act of congress (5 Stat. 123, § 15). The notice should have specified the page or heading in the public work in which the invention had been previously described, so as to enable the patentee to turn to the article without searching through the entire volume. There can be no difficuly in giving a particular reference to the part of the book intended to be relied on, as the defendant is presumed to have examined the article, and to be familiar with it and with the page or heading where it may be found. A general reference to the work is calculated to mislead and embarrass the party, and ought not to be sanctioned, especially as there can be no difficulty in giving a more specific one. These remarks apply also to the offer to read passages in the work, for the purpose of showing that the invention was previously known to Dr. Ure, if there were no other ground for its rejection. The offer to prove, by experts and scientific men, that the terms "thermostat" and "heat-regulator" were well known in mechanical science, with a view to show that the notice was sufficiently explicit and specific, was properly rejected. The question was one for the court; and, besides, the notice should have pointed to the page or heading of the article. . The rejection of the volume of "The Journal of the Franklin Institute," which was offered in evidence under the idea that notice of it was contained in a special plea which had been previously stricken out by the court, is so obviously correct as to require no remark.

V. The proposition on the part of the defendants to withdraw a juror, on the ground of surprise arising out of the rulings of the court in respect to the notice and the evidence offered under it, was properly over-

---

[5] The courts of the United States have no authority to order a peremptory nonsuit against the will of the plaintiff, on the trial of a cause before a jury. Doe v. Grymes, 1 Pet. [26 U. S.] 469; D'Wolf v. Rabaud, Id. 476; Crane v. Morris, 6 Pet. [31 U. S.] 598.

ruled. The defective notice afforded no foundation for such a proceeding on the part of the defendants; and, under any circumstances, it was a matter resting altogether in the discretion of the court.

VI. The invention of the plaintiff, as stated in his patent, is "a new and useful improvement in regulating the draft of stoves;" and, after particularly describing in his specification the mechanical contrivances, and the application of the same to stoves in common use, he sets forth what is claimed as his discovery and not before known, or in public use:

(1) "The application of the expansive and contracting power of a metallic rod, by different degrees of heat, to open and close a damper which governs the admission of air into a stove or other structure in which it may be used, by which a more perfect control over the heat is obtained than can be by a damper in the flue."

(2) "The mode above described," (in the specification,) "of setting the heat of a stove at any requisite degree, by which different degrees of expansion are requisite, to open or close the damper."

(3) "The combination above described, by which the regulation of the heat of a stove or other structure in which it may be used is effected."

(4) "The mode above described, of connecting the action of the metallic rods with the damper, so that the same may be disconnected when the damper shall have closed, and the heat shall continue to rise, &c."

The substance of the discovery, as claimed by the plaintiff and secured to him by the patent. is the application of the principle of the contraction and expansion of a metallic rod, by the use of certain mechanical contrivances particularly described and set forth, to the cast or sheet-iron stove in common use, by which means he produces a self regulating power over the heat of the same, at any given degree of heat that may be desired within the capacity of the stove. This is the thing invented. It is, in a word, the application of a well known principle to a new and useful purpose, and the question is, whether or not the patentee was the first and original inventor, or whether it was before known and in public use. Now, although it is shown, (assuming for the present that we may look into the books not in evidence,) that the principle had before been applied to the regulation of heat, as in the instance of Dr. Ure's "thermostat." and Bonnemain's "heat-regulator," and some others, yet, for aught that appears from the testimony or from any book that has been produced, the plaintiff was the first person who applied the principle to the regulation of the heat of stoves; and for this he was entitled to a patent, and to be protected in its enjoyment. Phil. Pat. p. 101, c. 7, § 6. It is not a new use of the principle as previously applied to the regulation of heat, which would not be patentable; but a new application of it, by new mechanical contrivances and apparatus, by means of which a new and beneficial result is produced in the use of the article to which it has been thus applied, namely, the common cast or sheet-iron stove. It is true, that the idea of an application of the principle to the regulation of stoves had been before suggested, but no such application had ever been made prior to that of the patentee; and the person who first reduces the idea to practical application and use is entitled to the patent. Looking, then, at the claim of the plaintiff to a discovery in the regulation of the heat of stoves, in the light of the views above stated, I can perceive no well founded objection to the charge of the court under which the verdict was given.

The charge in respect to the first claim was more favorable to the defendants than in my judgment was warranted. The claim is not for a discovery of a natural property of the metallic rod, which, of itself, is not a patentable subject. but for a new application of it by means of mechanical contrivances, which is one of the commonest subjects of a patent. The only criticism to which the claim is liable is that it is too broad, inasmuch as there is an attempt to extend the improvement to other structures besides stoves. This has been corrected by a disclaimer, and properly so, from abundant caution, though I entertain no doubt that the claim beyond the stove, in the summary, is too general and indefinite to be valid or effectual, and should have been regarded as surplusage.

The court further charged, that the third claim, on which the plaintiff was entitled to recover, if at all, was for a combination, and that unless it appeared by the evidence that the defendants had used all the parts of the plaintiff's stove embraced in the combination. the verdict must be for the defendants. This instruction covered a great many points made by the defendants at the trial. and very unnecessarily multiplied, by breaking a single proposition, embodying a general principle, into numerous subdivisions, which tended only to embarrassment and confusion. It virtually covered the first seven points, and all of them, so far as any principle of law was involved, were ruled in favor of the defendants. As to the facts, they were questions for the jury.

The court also charged, that unless it appeared by the evidence that some parts of the mechanism not shown to have been used by the defendants were necessary to perform the office of regulating the heat of the stove, or that, according to the proper construction of the specification, such parts were intended to be claimed by the plaintiff as a part of the combination. they were not to be considered as embraced within it; and the court further remarked, that the question as to the extent of the combination had been treat-

ed by the counsel for the defendants as a question of fact, and the court had no disposition to withdraw it from the consideration of the jury. If the court conceded too much to the jury in the view thus submitted, and should have taken upon itself to determine the combination, upon an interpretation of the claim in the summary as matter of law, it is not for the defendants to complain, as their counsel chose to carry the question to the jury. They should have asked the court to settle the combination upon a construction of the specification, and have tried their case upon that assumption, instead of putting the question to the jury. They cannot take advantage of their own error, even conceding that the court acquiesced in it. Besides, the extent of the combination was perhaps, in one aspect, a mixed question of law and fact; the effect and operation of the mechanical contrivances, which were matters of skill. and to be determined by experts, entering into the question. It does not follow as matter of law, that every part of the machinery used constitutes an element of the combination. This may depend on the use and effect of it, and the purpose for which it is employed in the plan devised to complete the improvement.

The instruction as to the similarity or substantial identity of the two contrivances or machinery for regulating the heat, was obviously too correct to require any observation, and so was the instruction in respect to the damages. If the defendants desired any further instruction upon the latter point, they should have called the attention of the court to the subject. As far as given, the ruling was unexceptionable, and conformed to the statute.

VII. As respects the motion for a new trial on the grounds of surprise and newly discovered evidence, the views already presented concerning the improvement and discovery of the plaintiff, afford a complete answer. If all the evidence had been admitted. that was offered under the notice, or that has since been discovered, it would not. in my judgment. have constituted a defence or varied the result. It fell entirely short of proof that the plaintiff was not the first and original inventor of the improvement claimed by him, or that it was before known and in public use. Notwithstanding all the evidence offered at the trial. and all produced before me on this motion, from books or otherwise. the plaintiff was the first person who applied the expanding and contracting property of the metallic rod to the regulation of heat in the use of the stove, by means of mechanical contrivances. It was his invention and discovery, and was first brought by him into practical use, producing. as it respects the stove, a new and useful result.

The jury have found that the contrivances of the defendants in the construction of their regulator, are substantially the same as those of the plaintiff, and that they have, therefore, been guilty of an infringement. I am not sure that the plaintiff was bound to go to this length in making out a case of infringement. There is some ground for the position that the new application of the principle, by means of mechanical contrivances, constitutes, of itself, a part of his invention; and that any different or improved mode of application is but an improvement upon his discovery, and not available without his consent. It is not, however, necessary to determine this question, as it is not material to the decision of the motion.

It was suggested that the damages in the case were excessive, and that a new trial should be granted on that ground. I think not. The jury were warranted in giving liberal damages, within the limit laid down by the court. The defendants do not stand in a position to entitle themselves to a very favorable consideration, as they entered upon the violation of the plaintiff's patent. after having been warned of the consequences, and went on, with their eyes open, disregarding the claims of the patentee, and showing a willingness to avail themselves of the profits of his discovery, and to deprive him of the fruits of his genius, time, and expense, in striking out and bringing to perfection a new and most valuable improvement in the use of an article of the first necessity for the ordinary purposes of life. In my judgment the damages were not excessive or unreasonable.

New trial denied.